UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT FLEMING,

                              Petitioner,

              -against-

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                              Respondent.

20-CV-6026 (LLS)

ORDER DIRECTING DECLARATION

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his 2009 conviction in the New York Supreme Court, New York County. By order dated September 3, 2020, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

## BACKGROUND

On October 2, 2008, Petitioner Robert Fleming was arrested on charges of criminal sale of a controlled substance and criminal possession of a controlled substance in the third and seventh degrees. (ECF 1 at 1). He pleaded guilty on January 12, 2009, under superior court indictment number 0032/2009 in the New York Supreme Court, Bronx County, to felony criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Under the plea agreement, Fleming agreed to enter a MICA (Mentally Ill Chemical Abuser) drug treatment program for 18-24 months, and upon successful completion of that program, he would be permitted to return to court to withdraw his plea and be resentenced to a conditional discharge without post-release supervision. (*Id.* at 3.) Petitioner does

not plead facts about whether he entered or completed the MICA program, but he states that the agreement made in the plea bargain was "broken," and he was sentenced as a predicate felon to three and a half years' imprisonment for these narcotics charges, to be followed by two years of post-release supervision.[1] (*Id.* at 1, 5.)

Before the 2009 sentence was fully served, in a separate matter, a jury convicted Fleming of two counts of murder in the second degree. On September 4, 2013, judgment was entered in the Supreme Court, Bronx County, sentencing Fleming to two terms of 25 years' to life imprisonment, to be served consecutively. *People v. Fleming*, 141 A.D.3d 408, 408 (2016) (affirming conviction), *lv denied*, 28 N.Y.3d 1027 (2016), *recon. denied*, 28 N.Y.3d 1124 (2016).[2]

Petitioner contends that his 2009 judgment is unlawful because "he pled guilty as part of a plea bargain agreement that was broken." (ECF 1 at 5.) He further contends that: (1) his guilty plea was involuntary; (2) the trial court lacked jurisdiction; and (3) his conviction was unlawful because he was denied the right to testify before the grand jury and there was no grand jury indictment. (*Id.* at 6.)

---

[1] A *habeas* petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner has not yet served his post-release supervision (PRS) for this conviction, and PRS is part of a defendant's sentence, *see Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006). It therefore appears that Petitioner remains in custody for purposes of bringing a *habeas* challenge.

[2] Fleming's first petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the 2013 judgment was dismissed without prejudice because Fleming had not yet fully exhausted his state court remedies, *Fleming v. People of the City of New York*, No. 14-CV-05284, 2016 WL 3387300 (PGG) (JLC) (S.D.N.Y. June 15, 2016), *appeal dismissed*, No. 16-2330 (2nd Cir. Sept. 22, 2016). Fleming's subsequent § 2254 petition challenging his 2013 murder convictions remains pending, *Fleming v. Noeth et al.*, 1:17-CV-09104, 60 (LGS) (DCF) (S.D.N.Y.) (amended petition filed May 2019).

**DISCUSSION**

**A.      Applicable Statute of Limitations**

Petitioner's application challenging his 2009 judgment may be time-barred. A prisoner

seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest

of four benchmark dates, that is, the date when: (1) the judgment of conviction becomes final;

(2) a government-created impediment to making such a motion is removed; (3) the constitutional

right asserted is initially recognized by the Supreme Court, if it has been made retroactively

available to cases on collateral review; or (4) the facts supporting the claim(s) could have been

discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

Petitioner alleges that on January 29, 2009, he was convicted in the New York Supreme

Court, New York County. He alleges that he appealed the judgment of conviction to the

Appellate Division, First Department (ECF 2 at 5), but he does not plead facts about when the

appeal was decided, and the Court did not locate from publicly available documents an order

resolving a direct appeal from Petitioner's 2009 conviction. Petitioner also states generally that

he filed post-conviction motions challenging the 2009 judgment (*id.* at 6), but he does not plead

any facts about the dates when he filed such motions or when they were resolved.[3]

When postconviction motions are filed before the expiration of the one-year limitations

period, those motions and related state-court proceedings may toll the statute of limitations. *See*

28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires,

however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s

tolling provision excludes time during which properly filed state relief applications are pending

---

[3] In 2012, Fleming filed a petition pursuant to article 78 of the Civil Practice Law and
Rules, *Fleming v. City of New York*, 100 A.D.3d 412 (2012), but the Court did not locate public
records of post-conviction motions challenging the 2009 conviction.

but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Petitioner placed this petition in the prison mail collection box on July 12, 2020, more than a decade after the judgment of conviction was entered in 2009.[4] Because Petitioner does not plead facts about when his direct appeal was decided or when he filed post-conviction motions, it is unclear when Petitioner's judgment became final or whether there was any statutory tolling of the limitations period and, if so, for how long.[5]

**B. Leave to File Declaration**

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred.[1] Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

---

[4] Petitioner did not submit his IFP application until September 1, 2020, which delayed this action.

[5] Petitioner also does not plead facts about what issues he raised on direct appeal, or whether he sought leave to appeal from the New York Court of Appeals, and it is therefore unclear if he has fully exhausted in the state court any of the grounds for relief that he raises.

[1] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

### C.  Letter Regarding Covid-19

On September 16, 2020, Petitioner submitted a letter in this action raising concerns about his health in light of the Covid-19 pandemic and asking the Court for "compassionate release." (ECF 6.) Petitioner was sentenced to two consecutive terms of 25 years' to life imprisonment for his 2013 murder convictions, and the Court declines to address this application for release based on Covid-19 in the context of a challenge to Petitioner's 2009 narcotics conviction. Petitioner can attempt to raise the issue in his pending § 2254 habeas petition challenging his 2013 murder convictions, *Fleming v. Noeth et al.*, 1:17-CV-09104, 60 (LGS) (DCF) (S.D.N.Y.).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing cause why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

SO ORDERED.

Dated:    September 23, 2020
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____

Name                                        Prison Identification # (if incarcerated)

_____

Address                        City          State       Zip Code

_____

Telephone Number (if available)             E-mail Address (if available)